UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 22-770 (ES) |
| v. | <u>SCHEDULING ORDER</u> |
| ANIBELGICA DUARTE | |

This matter having come before the Court for a final pretrial conference; and the United States being represented by Philip R. Sellinger, United States Attorney for the District of New Jersey (by Edeli Rivera, Assistant U.S. Attorneys, appearing); and the defendant being represented by Samuel Braverman, Esq.; and the Court having determined that this matter should be scheduled for trial; and for good cause shown,

It is on this ___ day of September, 2024, ORDERED that:

1. The Government shall provide its pre-marked exhibits on or before <u>October 1, 2024</u>.

a) The authenticity and chain of custody of the Government's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 1(c), unless testimony at trial gives grounds that could not have been known and raised prior to trial and which undermine the claim of authenticity or continuous chain

of custody, in which case any such matter may be heard by the Court at trial pursuant to a contemporaneous objection.

   b)  If the Government discloses the scientific analysis of an exhibit that it proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 1(c), unless testimony at trial gives grounds that could not have been known and raised prior to trial and which undermine the analysis, in which case any such matter may be heard by the Court at trial pursuant to a contemporaneous objection.

   c)  If the defendant wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the defendant shall file, on or before October 15, 2024, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

   2.  The Defendant shall provide its pre-marked exhibits on or before October 15, 2024.

   a)  The authenticity and chain of custody of the Defendant's pre-marked exhibits shall be deemed to have been accepted unless an

objection is asserted in accordance with paragraph 2(c), unless testimony at trial gives grounds that could not have been known and raised prior to trial and which undermine the claim of authenticity or continuous chain of custody, in which case any such matter may be heard by the Court at trial pursuant to a contemporaneous objection.

   b)  If the Defendant discloses the scientific analysis of an exhibit that the Defendant proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 2(c), unless testimony at trial gives grounds that could not have been known and raised prior to trial and which undermine the analysis, in which case any such matter may be heard by the Court at trial pursuant to a contemporaneous objection.

   c)  If the Government wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the Government shall file, on or before October 29, 2024, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

3.  The Government shall provide all material to be disclosed under Giglio v. United States, 405 U.S. 150 (1972), and its progeny, on or before October 29, 2024, and shall, if it agrees to do so, provide any material to be provided under the Jencks Act, 18 U.S.C. §3500, on or before the same date. This order does not supersede or limit the Government's obligations under F.R.Cr.P. 5(f) and the order previously entered in this matter on November 22, 2022 [Dkt. 42].

4.  The Defendant, if he agrees to do so, shall produce all "reverse Jencks" that is required to be disclosed under Federal Rule of Criminal Procedure 26.2 on or before November 12, 2024.

5.  If the Government intends to offer any Rule 404(b) evidence, the Government shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A) on or before October 29, 2024.

6.  If the defendant intends to offer any "reverse Rule 404(b)" evidence, the defendant shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A) on or before November 12, 2024.

7.  The parties shall file any voir dire requests on or before October 29, 2024.

8.  The parties shall jointly submit a neutral statement of the case on or before October 29, 2024.

9.  The parties shall submit a joint attorney and witness list on or before October 29, 2024.

10.  The parties shall jointly submit proposed jury instructions on or before <u>October 29, 2024.</u>  The joint submission should identify any areas of disagreement and be accompanied by relevant legal authority.

11.  The parties shall file all other requests to charge on or before <u>November 27, 2024.</u> The parties may supplement their requests to charge prior to the final charge conference based upon the testimony and evidence actually adduced at trial.

12.  The parties shall jointly submit a verdict sheet, which also must identify areas of disagreement, if any, on or before <u>October 29, 2024</u>.

13.  The parties must make any expert disclosures pursuant to Federal Rule of Criminal Procedure 16 by <u>October 29, 2024.</u>

14.  The Court shall hold a housekeeping conference to address any unresolved issues relating to the required materials on February 3, 2025 <u>at 10:00 a.m.</u>

15. Trial shall commence on ~~December 3, 2024,~~ *January 2025* at 10:00 a.m.

Honorable Esther Salas
United States District Judge